FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

2021 SEP 20 ⊃ 12: 21

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21cr196 |
| v. | Count 1: Conspiracy to Commit Honest Services Wire Fraud and to Defraud the United States |
| VISHESH GIRI, | (18 U.S.C. §§ 1343, 1346 and 371) |
| Defendant. | |
| | Forfeiture Notice |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Information, unless otherwise stated:

1.     The National Aeronautics and Space Administration ("NASA") issued numerous grants for various scientific research, education, and other programs.   Contract A supported NASA's grant review process.   At various times between 2001 and 2020, various companies were the prime contractor awarded contract A.   Company 1 at one time served as the prime contractor and later served as a subcontracted company to the prime contractors that were awarded Contract A.

2.     Since at least July 2001, ANA VERONICA GIRI ("ANA GIRI") was an employee of Company 1.   As Company 1's employee, ANA GIRI owed a fiduciary duty to Company 1.

3.     The support services provided by Company 1 and/or the other prime contractors for Contract A, included selecting vendors and planning for meetings, which were necessary for the

1

grant review process. Since in or about 2010, ANA GIRI and others working on Contract A worked in an office located in Arlington Virginia, within the Eastern District of Virginia

4.     ANA GIRI specifically worked on the external help desk, where she provided information technology ("IT") support for peer review of NASA grants and project management activities as required under Contract A. ANA GIRI was responsible for procuring computers, printers, and audio, visual, and communication equipment from vendors to support the peer review and project management activities. Through her role, ANA GIRI was able to view NASA contracting details with various government vendors and contracting companies.

5.     Person 1 owned and operated a business that provided IT services and audio, visual, and communication equipment. Sometime in or around 2001 or 2002, a former business partner of Person 1 introduced Person 1 to ANA GIRI. At the time, ANA GIRI was also responsible for procuring computers, printers, and audio, visual, and communication equipment in support of Contract A.

6.     Person 1 regularly provided services and equipment in support of Contract A. Person 1 would submit invoices for the equipment and services provided to the prime contractor. The prime contractor would in turn bill NASA for the amount of services and equipment billed by Person 1.

7.     ANA GIRI was married to VISHESH GIRI. ANA GIRI and VISHESH GIRI filed a joint U.S. Individual Income Tax Return, Form 1040.

## COUNT 1
### (Conspiracy to Commit Honest Services Wire Fraud and to Defraud the United States)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

8. The allegations contained in paragraphs 1-7 of this Information are realleged as if fully forth herein.

9. From in or around 2002 to in or around January 2020, in the Eastern District of Virginia and elsewhere, ANA GIRI and VISHESH GIRI did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate and agree with each other and with other individuals known and unknown, to commit offenses against the United States, namely, honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346, and to defraud the United States, all in violation of Title 18, United States Code, Section 371. The object of the conspiracy was to devise and intend to devise a scheme and artifice to defraud Company #1 of the right to the honest services of its employees through kickbacks, and to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1343 and 1346, as set forth herein. It was further an object of the conspiracy that ANA GIRI and VISHESH GIRI would and did defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Department of the Treasury ("IRS") in the ascertainment, computation, assessment, and collection of the revenue: namely, income taxes.

### *The Object of the Conspiracy*

10. The objects of the conspiracy were for ANA GIRI and VISHESH GIRI, and others known and unknown, to:

3

    a.    unjustly enrich themselves by soliciting and accepting kickbacks from Person 1 in return for ANA GIRI providing favorable treatment to Person 1 by ensuring Person 1's company was awarded business by the prime contractor in relation to Contract A; and

    b.    defraud the IRS by filing false tax returns that did not report the kickbacks ANA GIRI and VISHESH GIRI received.

### *The Manner and Means of the Conspiracy*

11.    In furtherance of the conspiracy, and to accomplish its unlawful objects, the following methods and means were used, among others:

12.    Sometime in 2001 or 2002, Person 1 agreed to pay ANA GIRI a 15% kickback of each invoice. More specifically, Person 1 and ANA GIRI agreed that Person 1 would pay an amount of money roughly equal to 15% of the invoice billed by Person 1 to the prime contractor for the services rendered in return for ANA GIRI ensuring that Person 1's business consistently was selected by Company 1 as a subcontractor on Contract A. Sometime later, Person 1 negotiated a 10% "kickback" whereby Person 1 agreed to pay ANA GIRI 10% of the invoice billed by Person 1 to the prime contractor for the services rendered (sometimes less an amount for taxes as claimed by Person 1).

13.    VISHESH GIRI, ANA GIRI's spouse, served as a "runner," and would meet Person 1, most often at Person 1's businesses in Dulles, Virginia, and later in Chantilly Virginia, both located in the Eastern District of Virginia, to collect the kickbacks. As part of the conspiracy, since approximately in or around 2001 or 2002 to in or around January 2020, Person 1 regularly paid kickbacks by either U.S. currency or paper check to ANA GIRI and/or VISHESH GIRI on ANA GIRI's behalf.

14.     VISHESH GIRI regularly contacted Person 1 by text message to ask if payment was ready and to arrange pickup of the kickback payment.   Often during these meetings, Person 1 and VISHESH GIRI reviewed the kickbacks due based on the invoices for the equipment and services Person 1's business provided in support of Contract A

15.     To conceal the kickbacks, VISHESH GIRI regularly cashed the checks instead of depositing the checks into a bank account.

16.     ANA GIRI provided Person 1 with "insider information" to ensure that Peron 1 was the lowest priced competing business.   Specifically, ANA GIRI provided Person 1 with pricing information of competing businesses and asked him to match his pricing to estimates provided by other businesses.

17.     In addition to the monetary payments, Person 1 provided GIRI and her associates with other tangible benefits.   Specifically, Person 1 provided ANA GIRI and VISHESH GIRI televisions ("TVs"), computers, and other electronic equipment.   At ANA GIRI's request, Person 1 also provided ANA GIRI's co-workers and other family members with electronic devices for personal use.   On at least one occasion, Person 1 provided audio visual support for a co-worker's child's slumber party.

18.     Between 2012 and 2020, ANA GIRI and VISHESH GIRI both signed the Forms 1040, often with an electronic PIN, under penalties of perjury.   ANA and VISHESH GIRI willfully did not report the kickback payments, which were material, that they received from Person 1 on their 2011 through 2019 Forms 1040.

## OVERT ACTS

19.     In furtherance of the objects of the conspiracy, and to accomplish its purpose, ANA GIRI, VISHESH GIRI, Person 1, and others known and unknown, committed, and caused to be

committed, in the Eastern District of Virginia and elsewhere, the following overt acts, among others:

    c.    On or about September 28, 2010, ANA GIRI forwarded PERSON 1 an email, which constituted an interstate wire communication, containing another company's price quote to provide visual and audio services in support of Contract A.

    d.    On or about June 8, 2011, Person 1 wrote check #2521 for $7,050.70 to cash, which constituted a kickback payment.

    e.    On or about June 13, 2011, VISHESH GIRI cashed check #2521, as shown by his signature on the back of the check.

    f.    On or about February 8, 2012, a false Form 1040, for the 2011 tax year, was filed on behalf of ANA GIRI and VISHESH GIRI that underreported approximately $24,002 of kickback payments, which constituted income.

    g.    On or about February 9, 2013, a false Form 1040, for the 2012 tax year, was filed on behalf of ANA GIRI and VISHESH GIRI that underreported $21,739 of kickback payments, which constituted income.

    h.    On or about February 3, 2014, a false Form 1040, for the 2013 tax year, was filed on behalf of ANA GIRI and VISHESH GIRI that underreported $78,231 of kickback payments, which constituted income.

    i.    On or about November 7, 2014, Person 1 wrote check #2411 for $4,415.26 to VISHESH GIRI, which constituted a kickback payment.

    j.    On or about November 7, 2014, VISHESH GIRI cashed check #2411, as shown by his signature on the back of the check.

6

k.   On or about February 3, 2015, a false Form 1040, for the 2014 tax year, was filed on behalf of ANA GIRI and VISHESH GIRI that underreported $101,810 of kickback payments, which constituted income.

l.   On or about August 7, 2015, Person 1 wrote check #2645 for $4,508.28 to VISHESH GIRI, which constituted a kickback payment.

m.   On or about August 7, 2015, VISHESH GIRI cashed check #2645, as shown by his signature on the back of the check.

n.   On or about February 3, 2016, a false Form 1040, for the 2015 tax year, was filed on behalf of ANA GIRI and VISHESH GIRI that underreported $115,860, of kickback payments, which constituted income.

o.   On or about February 20, 2016, Person 1 wrote check #2055 for $4,024.41 to VISHESH GIRI, which constituted a kickback payment.

p.   On or about February 22, 2016, VISHESH GIRI deposited check #2055, as shown by his signature on the back of the check, into account #3050 held solely by VISHESH GIRI.

q.   On or about February 1, 2017, a false Form 1040, for the 2016 tax year, was filed on behalf of ANA GIRI and VISHESH GIRI that underreported $101,963 of kickback payments, which constituted income.

r.   On or about March 1, 2018, VISHESH GIRI filed a false Form 1040, for the 2017 tax year, on behalf of himself and ANA GIRI that underreported $111,484 of kickback payments, which constituted income.

s.   On or about January 25, 2019, Person 1 wrote check #1680 for $3,716.78 to VISHESH GIRI, which constituted a kickback payment.

t.      On or about February 5, 2019, VISHESH GIRI filed a false Form 1040, for the 2018 tax year, on behalf of himself and ANA GIRI that underreported $99,263 of kickback payments, which constituted income.

u.      On or about March 6, 2019, VISHESH GIRI cashed check #1680, as shown by his signature on the back of the check.

v.      On or about July 19, 2019, VISHESH GIRI texted, which constituted an interstate wire or radio communication, Person 1, "[Person1] is it possible I can at least cash one [check] this week.   Would be much appreciated."

w.      On or about August 28, 2019, VISHESH GIRI texted Person 1, which constituted an interstate wire or radio communication, "Any chance I can come by today? Please advise."

x.      On or about August 28, 2019, Person 1 texted, VISHESH GIRI, which constituted an interstate wire or radio communication, "Not today tapped hoping we get some nasa love this week it's been all money out not in lately I will let u know by Tuesday after I talk to [Prime Contract Company X]."

y.      On or about September 25, 2019, VISHESH GIRI texted Person 1, which constituted an interstate wire or radio communication, "Hey [Person1] Can I go to [Bank] today really need your help.   It's been 3 weeks."

z.      On or about October 23, 2019, VISHESH GIRI texted Person 1, which constituted an interstate wire or radio communication, "Any chance I can come by today?   Please advise."

aa.     On or about October 23, 2019, Person 1 from within the Eastern District of Virginia texted VISHESH GIRI, which constituted an interstate wire or radio

communication, regarding the payment schedule: "No AWEFUL [sic] shape no nasa Payment's 3 weeks running and they are super busy so the $$ is flying out for travel hotels and labor."

bb.   On or about December 3, 2019, at a coffee shop located in Fairfax, Virginia, within the Eastern District of Virginia, Person 1 paid VISHESH GIRI and ANA GIRI $2,500 cash, which constituted a kickback payment.

cc.   On or about December 12, 2019, at a warehouse in Chantilly, Virginia, within the Eastern District of Virginia, Person 1 paid VISHESH GIRI $2,500 cash, which constituted a kickback payment.

dd.   On or about December 12, 2019, at a warehouse in Chantilly, Virginia, within the Eastern District of Virginia, Person 1 and VISHESH GIRI discussed the amount of kickback payments due to ANA GIRI based on the payments Person 1 received as a result of Contract A.

ee.   On or about January 30, 2020, at a warehouse in Chantilly, Virginia, within the Eastern District of Virginia, ANA GIRI met with Person 1 and collected a check, which constituted a kickback payment.

ff.   On or about January 30, 2020, at a warehouse in Chantilly, Virginia, within the Eastern District of Virginia, ANA GIRI met with Person 1 and others to discuss continuing the kickback scheme with new individuals.

gg.   On or about February 3, 2020, VISHESH GIRI filed a false Form 1040, for the 2019 tax year, on behalf of himself and ANA GIRI that underreported the $52,978 of kickback payments, which constituted income.

20.     As ANA GIRI and VISHESH GIRI well knew, the conduct described herein violated ANA GIRI's fiduciary duties to her employer, Company 1.

(In violation of Title 18, United States Code, Sections 1343, 1346 and 371).

## FORFEITURE NOTICE

Defendants ANA GIRI and VISHESH GIRI are hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of the offense set forth in Count One of this Criminal Information, they shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

The assets subject to forfeiture include, but are not limited to, the following a monetary judgment in the amount of not less than **$707,331**, representing the proceeds the defendants obtained as a result of the violations described in Count One of this Criminal Information;

Pursuant to 21 U.S.C. § 853(p), ANA GIRI and VISHESH GIRI shall forfeit substitute property, if, by any act or omission of ANA GIRI and VISHESH GIRI, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(All in accordance with Title 18, United States Code, Sections 982(a)(2)(A); Title 21, United States Code, Section 853(p); and Fed. R. Crim. P. 32.2.)

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date:   September 20, 2021          By: _____
                                        Kimberly M. Shartar
                                        Jamar K. Walker
                                        Assistant United States Attorneys

11